John Michael DONOHUE, Appellant

v.

Daniel R. BUTTS, Bandera County Sheriff; Captain Shane Merritt; and Robert Vela, Investigator; Individually and in Their Official Capacity, Appellees

No. 04–15–00696–CV

Court of Appeals of Texas, San Antonio.

Delivered and Filed: January 25, 2017

John M. Donohue, Palestine, TX, Attorney for Appellant.

Michael A. Shaunessy, McGinnis Lochridge, Austin, TX, Attorney for Appellee.

Sitting: Sandee Bryan Marion, Chief Justice Rebeca C. Martinez, Justice Luz Elena D. Chapa, Justice

## MEMORANDUM OPINION

Opinion by: Luz Elena D. Chapa, Justice

The trial court granted appellees Daniel Butts, Shane Merritt, and Robert Vela's plea to the jurisdiction and dismissed John Michael Donohue's claims against them. On appeal, Donohue argues the trial court erred by dismissing his claims and denying him the opportunity to proceed to discovery because appellees are not entitled to governmental immunity. We affirm the trial court's judgment.

### BACKGROUND

Appellees work for Bandera County. Butts is the county's sheriff; Merritt is a captain in the sheriff's office; and Vela is an investigator for the office. Donohue, who is in prison, sued appellees for damages, alleging they had conspired to commit perjury during his criminal trial. He alleged Vela falsified documents and Merritt perjured himself in furtherance of Donohue's prosecution, and Sheriff Butts is liable as Merritt and Vela's supervisor. Donohue pled appellees' conduct gave rise to tort liability for defamation and intentional infliction of emotional distress.

Appellees filed a plea to the jurisdiction. They argued the trial court lacked jurisdiction because Donohue's pleadings demonstrate they were acting in the general scope of their employment and are therefore entitled to governmental immunity. The trial court granted appellees' plea to the jurisdiction and dismissed Donohue's claims. Donohue appeals.[1]

### STANDARD OF REVIEW

▮▮▮▮ We review a trial court's ruling on a plea to the jurisdiction de novo. *Tex. Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 226 (Tex. 2004). A plea to the jurisdiction is an appropriate mechanism to challenge a trial court's subject matter jurisdiction. *Id.* When, as here, a plea to the jurisdiction challenges the pleadings, we determine whether the pleader has alleged facts that affirmatively demonstrate the trial court's jurisdiction. *Id.* If the pleadings affirmatively negate the existence of the trial court's jurisdiction, then the trial court may grant a plea to the jurisdiction without allowing the plaintiff an opportunity to amend his pleadings. *Id.* at 226–27.

---

1. The trial court proceedings in this case substantially mirror the proceedings in two prior suits Donohue filed against Bandera County employees. In both suits, Donohue sued employees of Bandera County Sheriff's Office in their individual and official capacities, alleging they were liable in tort; the trial court granted the defendants' plea to the jurisdiction based on governmental immunity; and Donohue appealed arguing the defendants are not entitled to governmental immunity because they are individuals and he is entitled to proceed to discovery on his claims. *See Donohue v. Bandera Cty. Sheriff's Dep't*, No. 04–14–00675–CV, 2015 WL 4759931 (Tex. App.–San Antonio Aug. 12, 2015, no pet.) (mem. op.) (affirming dismissal of Donohue's claims); *Donohue v. Hernandez*, No. 04–15–00695–CV, 2016 WL 7119049, at *1 (Tex. App.–San Antonio Dec. 7, 2016, no. pet. h.) (mem. op.) (same).

## GOVERNMENTAL IMMUNITY & THE TEXAS TORT CLAIMS ACT

■ Sovereign immunity shields a state from suit unless it expressly consents to being sued. *See Harris Cty. v. Sykes*, 136 S.W.3d 635, 638 (Tex. 2004). Governmental immunity affords similar protection to subdivisions of the state, such as counties. *See id.* The purpose of sovereign immunity, and its counterpart, governmental immunity, is to protect subdivisions of the state from lawsuits and liability for money damages. *Mission Consol. Indep. Sch. Dist. v. Garcia*, 253 S.W.3d 653, 655 (Tex. 2008). Furthermore, a suit against government employees in their official capacities is, in all respects, a suit against the State; thus employees sued in their official capacities are shielded by sovereign immunity. *Univ. of Tex. Med. Branch at Galveston v. Hohman*, 6 S.W.3d 767, 775 (Tex. App.–Houston [1st Dist.] 1999, pet. dism'd w.o.j.). Suing an official in his official capacity is simply another way of pleading an action against the governmental unit by which the official is employed. *See Hafer v. Melo*, 502 U.S. 21, 25, 112 S.Ct. 358, 116 L.Ed.2d 301 (1991).

■ Under Texas law, a governmental unit is immune from tort liability unless the Legislature has waived immunity. *See Dall. Cty. Mental Health & Mental Retardation v. Bossley*, 968 S.W.2d 339, 341 (Tex. 1998). The Texas Tort Claims Act (TTCA) provides a limited waiver of immunity for certain suits against governmental entities. *Garcia*, 253 S.W.3d at 655. "In order for immunity to be waived under the Act, the claim must arise under one of the three specific areas of liability for which immunity is waived, and the claim must not fall under one of the exceptions from waiver." *Morgan v. City of Alvin*, 175 S.W.3d 408, 417 (Tex. App.–Houston [1st Dist.] 2004, no pet.). The three areas of liability in which immunity is waived under

TTCA are: "(1) injury caused by an employee's use of a motor-driven vehicle within the scope of his employment; (2) injury caused by a condition or use of tangible personal or real property; and (3) premise defects." *Id.* at 418 (citing TEX. CIV. PRAC. & REM. CODE ANN. §§ 101.021, 101.022 (West 2011)).

## ANALYSIS

■ "Bandera County is a governmental unit entitled to governmental immunity, and thus, to immunity from suit." *Donohue*, 2015 WL 4759931, at *2 (citing *Catalina Dev., Inc. v. Cty. of El Paso*, 121 S.W.3d 704, 705 (Tex. 2003)). When filing a suit for damages against a governmental entity, the plaintiff must affirmatively plead and prove the court's jurisdiction to hear the lawsuit under the Tort Claims Act. *See Tex. Dep't of Criminal Justice v. Miller*, 51 S.W.3d 583, 587 (Tex. 2001). Donohue's pleadings did not allege a waiver of immunity, nor does it appear from his pleadings that such a waiver exists. Donohue's claims do not arise from the use of a motor-driven vehicle; do not arise from a condition or use of tangible personal property; and do not arise from a premise defect. *See* §§ 101.021, 101.022. Rather, Donohue's claims include defamation and intentional infliction of emotional distress. The TTCA does not waive immunity for these intentional torts. *See id.* § 101.057(2) (providing TTCA does not waive immunity for claims arising out of assault, battery, false imprisonment, and other intentional torts); *see also Hohman*, 6 S.W.3d at 777 (stating the TTCA "provides that sovereign immunity exists for intentional torts"). Because the facts pled by Donohue amount to an intentional tort, we hold there is no waiver of immunity under the TTCA for Donohue's official capacity claims.

Next, Donohue contends appellees are not entitled to governmental immunity because they are individuals, not governmental entities, and they were not acting in the general scope of their employment. "If a suit is filed against an employee of a governmental unit based on conduct within the general scope of that employee's employment and if it could have been brought . . . against the governmental unit, the suit is considered to be against the employee in the employee's official capacity only." TEX. CIV. PRAC. & REM. CODE ANN. § 101.106(f) (2011). " 'Scope of employment' means the performance for a governmental unit of the duties of an employee's office or employment and includes being in or about the performance of a task lawfully assigned to an employee by competent authority." *Id.* § 101.001(5) (West Supp. 2016). A suit "could have been brought under [the TTCA] against the governmental unit" if the claim "is in tort" and is not brought "under another statute that independently waives immunity." *Franka v. Velasquez*, 332 S.W.3d 367, 381 (Tex. 2011).

Donohue alleged appellees work for Bandera County in criminal law enforcement; Vela falsified documents in furtherance of Donohue's prosecution; Merritt perjured himself during Donohue's criminal trial; and Sheriff Butts is liable for Merritt's and Vela's conduct because he was acting as their supervisor. Taking these allegations as true, Donohue's claims are based on alleged conduct within the general scope of appellees' employment with Bandera County, and Donohue could have brought suit against Bandera County regardless of whether the TTCA waives immunity. *See id.* at 381, 385. Thus, all of Donohue's claims are considered to be against appellees in their official capacities only, and Donohue was required to plead facts alleging a waiver of immunity. *See* § 101.106(f). Because Donohue did not meet this burden, the trial court did not err in dismissing his claims and granting the plea to the jurisdiction.

Finally, Donohue asserts that the trial court erred by not allowing the case to proceed to discovery. "When the consideration of a trial court's subject matter jurisdiction requires the examination of evidence, the trial court exercises its discretion in deciding whether the jurisdictional determination should be made at a preliminary hearing or await a fuller development of the case, mindful that this determination must be made as soon as practicable." *Miranda*, 133 S.W.3d at 227. While limited discovery may be appropriate when an evidence-based jurisdiction challenge is asserted, the trial court does not abuse its discretion in refusing to allow discovery when jurisdiction can be determined from the face of the pleadings. *Id.*; *see also Delk v. Lehmberg*, No. 03–12–00678–CV, 2014 WL 1910314, at *3 (Tex. App.–Austin May 9, 2014, no pet.) (mem. op.) (holding that trial court did not err in granting plea to the jurisdiction before allowing discovery because plaintiff's pleadings affirmatively demonstrated that trial court lacked subject-matter jurisdiction over plaintiff's suit).

Assuming the facts alleged in Donohue's pleadings are true, appellees are immune from the suit. Because Donohue has not shown how evidence obtained in discovery could establish the trial court had jurisdiction, when the pleadings establish otherwise, we cannot conclude the trial court abused its discretion in refusing to allow discovery. *See Sykes*, 136 S.W.3d at 639 (trial court may dismiss suit filed against governmental entity when it is apparent from pleadings that governmental entity is immune); *LA Ash, Inc. v. Tex. A & M Univ.*, No. 10–07–00388–CV, 2008 WL 4742135, at *4 (Tex. App.–Waco Oct. 29, 2008, no pet.) (mem. op.) (same).

## CONCLUSION

We affirm the trial court's judgment.