

## Fourth Court of Appeals
### San Antonio, Texas

## MEMORANDUM OPINION

No. 04-19-00109-CV

**IN RE** David **RODRIGUEZ** and Phillip Rodriguez

Original Mandamus Proceeding[1]

PER CURIAM

Sitting:      Sandee Bryan Marion, Chief Justice
                Patricia O. Alvarez, Justice
                Beth Watkins, Justice

Delivered and Filed: March 13, 2019

PETITION FOR WRIT OF MANDAMUS DENIED

On March 1, 2019, relators, David and Phillip Rodriguez, filed a pro se petition for writ of mandamus and an emergency motion for stay of the underlying proceedings pending final resolution of the petition for writ of mandamus. Relators, who are the plaintiffs below, assert the trial court abused its discretion by abating discovery until after a ruling on a plea to the jurisdiction filed by the real parties in interest, who are H.E. Butt Grocery Co. ("H.E.B.") and other defendants. We deny the requested relief.

### DISCUSSION

In the petition, David Rodriguez contends his wife was injured while in the employ of H.E.B., and she filed a claim that was accepted and approved by H.E.B.'s "Work Injury Benefit

---

[1] This proceeding arises out of Cause No. 2018-CI-23741, styled *David Rodriguez, Individually and As Next Friend of Phillip Rodriguez, a Minor v. H.E. Butt Grocery Company, et al.*, pending in the 225th Judicial District Court, Bexar County, Texas, the Honorable Peter Sakai presiding.

Plan." At some point, David and his son (Phillip) sued H.E.B. and others for loss of consortium and served discovery requests on the defendants. Defendants filed a plea to the jurisdiction. After defendants set their plea for a hearing, David requested a continuance until after his discovery requests were answered. The trial court granted the continuance, set a hearing for March 7, 2019 on the plea, and abated all discovery "until further order of the Court." Relators filed a pro se petition for writ of mandamus asserting the trial court erred by not allowing discovery to go forward before considering defendants' plea to the jurisdiction.

"When the consideration of a trial court's subject matter jurisdiction requires the examination of evidence, the trial court exercises its discretion in deciding whether the jurisdictional determination should be made at a preliminary hearing or await a fuller development of the case, mindful that this determination must be made as soon as practicable." *Tex. Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 227 (Tex. 2004). Although "limited discovery may be appropriate when an evidence-based jurisdiction challenge is asserted, the trial court does not abuse its discretion in refusing to allow discovery when jurisdiction can be determined from the face of the pleadings." *Donohue v. Butts*, 516 S.W.3d 578, 582 (Tex. App.—San Antonio 2017, no pet.) (mem. op.).

The mandamus record contains only a copy of David's motion for continuance and the trial court's March 7 order. We do not have a copy of David's original petition, defendants' plea, or any other pleading that would enable this court to conclude limited discovery is appropriate. Also, the trial court may determine at the hearing that limited discovery is necessary before ruling on the plea. Therefore, on this record, we cannot conclude the trial court abused its discretion by abating discovery. Accordingly, we must deny the petition for writ of mandamus. The emergency motion to stay is denied as moot.

PER CURIAM