

# NUMBER 13-25-00682-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

ELIDA CASTILLO, MAYOR OF
THE CITY OF TAFT; ESMERALDA
CRUZ-MOLINA, MAYOR PRO TEM;
MARIAH MORENO, ALDERWOMAN;
AND ALONZO MOLINA, ALDERMAN,
IN THEIR OFFICIAL CAPACITIES,                                    Appellants,

v.

RYAN SMITH, IN HIS OFFICIAL
CAPACITY AS CITY MANAGER,
CITY OF TAFT, TEXAS,                                              Appellee.

## ON APPEAL FROM THE 343RD DISTRICT COURT
## OF SAN PATRICIO COUNTY, TEXAS

## OPINION

**Before Justices Silva, Peña, and Fonseca**
**Opinion by Justice Fonseca**

Appellants Elida Castillo, Mayor of the City of Taft; Esmeralda Cruz-Molina, Mayor

Pro Tem; Mariah Moreno, Alderwoman; and Alonzo Molina, Alderman, in their official capacities, appeal the trial court's denial of their plea to the jurisdiction based on appellee Ryan Smith, in his official capacity as City Manager of Taft, lacking standing to sue them and because they have governmental immunity. We agree Smith lacks capacity to sue appellants in his official capacity as city manager, and, therefore, reverse and render judgment.

## I.    BACKGROUND

This accelerated interlocutory appeal arises from Smith's claim that Taft's mayor and two city council members (the appellants) acted outside their lawful authority and altered Taft's form of city government. Smith filed suit on December 8, 2025, seeking a declaratory judgment, as well as a temporary restraining order, temporary and permanent injunction, and writ of mandamus. Smith claimed appellants violated the Texas Open Meetings Act by convening a quorum of Taft's city council immediately after the official city council meeting concluded on November 14, 2025, without proper notice to the public, and he asserted that any actions taken at this unofficial meeting were therefore void. *See* TEX. GOV'T CODE § 551.041.

During this unofficial meeting, Smith claims appellants issued directives to employees that overrode Smith's authority as city manager, such as instructing department heads to bypass Smith, and asserted that Smith no longer had authority to supervise city employees. Smith described these acts as ultra vires conduct that improperly interfered with his powers as city manager and that appellants thus issued unlawful orders to city staff. He claimed authority to file suit pursuant to the Texas Local Government Code, Texas Open Meetings Act, Texas Uniform Declaratory Judgments Act, and Texas Constitution. In support of his petition, Smith included an affidavit from

2

appellant Molina and several sets of emails.

Appellants filed a plea to the jurisdiction asserting that Smith lacked standing to bring suit in his official capacity as city manager. Smith responded to the plea to the jurisdiction by asserting sovereign immunity does not prevent ultra vires claims and that he did not need the city council's permission to file suit. Appellants replied to Smith's response by including an affidavit from Mayor Castillo stating that Smith did not have city council's permission to file suit and asserting Smith did not have a legitimate ultra vires claim for a variety of reasons.

After denying a temporary restraining order, the trial court held a hearing on Smith's application for temporary injunction and appellants' plea to the jurisdiction on December 18, 2025. Appellants argued that the failure to include the post-meeting meet-and-greet between city employees and city council in the official agenda was simply a mistake by the city secretary as a new employee, but that, regardless, no official action was taken at the unofficial meeting and thus there was no ultra vires act for Smith to sue upon. Further, they asserted Smith cannot bring suit in his official capacity as city manager due to the lack of authorization from the city council. Smith responded that he was authorized to sue because it was an ultra vires case and that it "would be very odd" for him to have to obtain permission from the very entity he was suing. He further argued that a formal meeting and action was not required for the city council to have committed an act that he could sue upon.

The same day, the trial court signed an order denying appellants' plea to the jurisdiction as well as Smith's motion for temporary injunction. This accelerated interlocutory appeal followed. TEX. CIV. PRAC. & REM. CODE § 51.014(a)(8); TEX. R. APP. P. 28.1(a).

3

## II.   ANALYSIS

Appellants assert two issues on appeal. Because we resolve this matter purely on standing, we only address appellants' second issue.

## A.   Standard of Review

"Standing is a threshold requirement to maintaining a lawsuit" as it is a component of subject matter jurisdiction. *Farmers Tex. Cnty. Mut. Ins. v. Beasley*, 598 S.W.3d 237, 240 (Tex. 2020). Defendants can challenge a plaintiff's standing with a plea to the jurisdiction. *See Sampson v. Univ. of Tex. at Austin*, 500 S.W.3d 380, 384 (Tex. 2016). "A plea to the jurisdiction challenges the existence of subject matter jurisdiction; that is, the court's power to decide the case." *Herrera v. Mata*, 702 S.W.3d 538, 541 (Tex. 2024) (per curiam) (citing *Suarez v. City of Texas City*, 465 S.W.3d 623, 632 (Tex. 2015)). While courts should decide this plea without examining the case's merits, we can consider evidence when necessary to resolve the jurisdictional issues. *Bland Indep. Sch. Dist. v. Blue*, 34 S.W.3d 547, 555 (Tex. 2000). "If, after examining the pleadings and any undisputed standing evidence, the court concludes that standing does not exist, the case must be dismissed." *Farmers Tex. Cnty.*, 598 S.W.3d at 241.

"The trial court's ruling on a plea to the jurisdiction is a question of law we review de novo." *Herrera*, 702 S.W.3d at 541 (citing *Hou. Belt & Terminal Ry. Co. v. City of Houston*, 487 S.W.3d 154, 160 (Tex. 2016)). We also review questions of standing de novo. *See Farmers Tex. Cnty.*, 598 S.W.3d at 240. In de novo review, we give no deference to the trial court's decision. *See In re Est. of Slaughter*, 305 S.W.3d 804, 808 (Tex. App.—Texarkana 2010, no pet.) (citing *Quick v. City of Austin*, 7 S.W.3d 109, 116 (Tex. 1998)).

When applying this standard to a standing determination, we "construe the

pleadings in the plaintiff's favor, but we also consider relevant evidence offered by the parties." *Farmers Tex. Cnty.*, 598 S.W.3d at 240 (quoting *In re H.S.*, 550 S.W.3d 151, 155 (Tex. 2018)). We construe pleadings liberally in favor of the pleader and a plaintiff "should be afforded the opportunity to amend" if the challenged jurisdictional defect may be cured with further factual allegations. *Tex. Tech Univ. Sys. v. Martinez*, 691 S.W.3d 415, 419 (Tex. 2024). "But, if the pleading affirmatively negates jurisdiction so that the problem cannot be cured by amendment, the suit may be dismissed without giving the plaintiff an opportunity to amend." *Eshelman v. True the Vote, Inc.*, 655 S.W.3d 493, 498 (Tex. App.—Houston [14th Dist.] 2022, no pet.) (citing *Tex. Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 227 (Tex. 2004)).

## B.     Applicable Law & Discussion

The threshold issue in this matter is whether Smith has standing in his official capacity as city manager of Taft to file ultra vires claims against appellants in their official capacities. We determine standing at the time suit is filed. *See Haddy v. Caldwell*, 355 S.W.3d 247, 251 (Tex. App.—El Paso 2011, no pet.). Standing requires a personal stake in the outcome of the suit and a concrete particularized injury that is actual or imminent, not hypothetical. *Id.* We do not inquire into the merits of the claim when deciding standing questions. *Okland v. Travelocity.com, Inc.*, No. 02-08-00260-CV, 2009 WL 1740076, at *6 (Tex. App.—Fort Worth June 18, 2009, pet. denied) (mem. op.).

"When a pleading names a party in her official capacity, the pleading alleges the governmental unit as the party." *City of Floresville v. Gonzalez-Dippel*, No. 04-20-00070-CV, 2020 WL 4606902, at *4 (Tex. App.—San Antonio Aug. 12, 2020, pet. denied) (mem. op.) (citing *Donohue v. Butts*, 516 S.W.3d 578, 581 (Tex. App.—San Antonio 2017, no pet.)). Further, members of governmental entities generally lack standing "to step into the

5

shoes of the governmental body to prosecute a legal action the governmental entity has not decided to take." *Id.* The United States Supreme Court has held that a member of a school board sued in his official capacity lacks standing to appeal a judgment individually because he lacks a personal stake in the outcome of the litigation. *Bender v. Williamsport Area Sch. Dist.*, 475 U.S. 534, 543–44 (1986).

Appellants contend that, because Smith filed suit in his official capacity as city manager, he brought the City of Taft in as a litigant and he lacks authority to bring suit on Taft's behalf. *See Gonzalez-Dippel*, 2020 WL 4606902, at *4. The City of Taft is organized under the city manager form of government. *See* TEX. LOC. GOV'T CODE § 25.021. Under this form of government, the city manager's powers and duties include administering "the municipal business" through the governing body, here the city council, which is empowered to delegate additional powers to the city manager as needed. *See id.* § 25.029(a)–(b). Historically, Texas law allows a person to "act as an 'officer of the municipality' only when (1) his acts are within the scope of the authority bestowed upon the person by his office, or (2) when his acts are ratified or adopted by the governing body of the municipality." *Aus. Neighborhoods Council, Inc. v. Bd. of Adjustment of City of Aus.*, 644 S.W.2d 560, 564 (Tex. App.—Austin 1982, writ ref'd n.r.e.).

Texas courts that have examined similar claims have rejected the ability of a government official to bring claims in their official capacity against other municipal officials in their official capacities. In *Castro v. McNabb*, a city council member brought an action against the city attorney related to other litigation that the City of El Paso was involved in. 319 S.W.3d 721, 729 (Tex. App.—El Paso 2009, no pet.). While the facts of that matter were complicated and differ to some extent from the present case, of note, our sister court held that an individual city council member alone lacked authority to take action against

6

the city attorney as only the city council as a body had authority to inquire into the official conduct of city departments. *See id.* at 736–37. These were not ultra vires claims, but the case stands for the general principle that absent specific authority, government officials in their official capacity lack the ability to bring suits against other officials. *See id.*

Appellants assert that city council did not approve Smith's filing of suit and contend they are the only body with power to initiate litigation on Taft's behalf. Smith does not contest that city council did not provide him explicit permission to sue, nor does he assert city council delegated powers to him to sue on Taft's behalf. *See id.*; *Gonzalez-Dippel*, 2020 WL 4606902, at *4; TEX. LOC. GOV'T CODE § 25.029. We agree that the city council did not bestow independent powers to Smith to file suits or grant him permission to sue in this instance. *See Aus. Neighborhoods Council, Inc.*, 644 S.W.2d at 564. Nor can we find any authority supporting that city managers have the inherent power to file suits on a city's behalf as part of administering "the municipal business" of the city. *See* TEX. LOC. GOV'T CODE § 25.029(a). Therefore, Smith appears to lack standing in this regard.

However, Smith contends his suit can proceed in his official capacity on an ultra vires claim and that such a claim does not require the city council's permission to proceed. Ultra vires claims are exceptions to general governmental immunity that require a plaintiff to allege and prove that a governmental officer "acted without legal authority or failed to perform a purely ministerial act." *City of El Paso v. Heinrich*, 284 S.W.3d 366, 372 (Tex. 2009). Even if an officer has discretion to interpret the law, an act is ultra vires if it exceeds the bounds of their authority or conflicts with the law itself. *Hall v. McRaven*, 508 S.W.3d 232, 238 (Tex. 2017). A ministerial act is one "where the law prescribes and defines the duties to be performed with such precision and certainty as to leave nothing to the exercise of discretion or judgment." *Id.* (quoting *Sw. Bell Tel., L.P. v. Emmett*, 459 S.W.3d

578, 587 (Tex. 2015)).

Smith has failed to provide any authority showing there are exceptions to the established precedent providing that a government official lacks standing to sue in his official capacity without power or permission even in the context of alleged ultra vires claims. He relies on *Heinrich* for the proposition that his suit can proceed, but there the Texas Supreme Court merely held that ultra vires suits can be brought directly against "state actors in their official capacity" without implicating governmental immunity. 284 S.W.3d at 373. While this may authorize the possibility of ultra vires claims against appellants, *Heinrich* does not confer standing on Smith to sue in his official capacity as city manager, as indeed, the plaintiff in that matter was not a governmental official. *See id.* at 369.

Smith contends we should not reach the merits of the standing issue because appellants' counsel lacks authority to represent appellants and thus lacks the ability to file an appeal. However, as appellants point out, the exclusive process under Texas law to challenge the authority of counsel is pursuant to Texas Rule of Civil Procedure 12. *See Valley Int'l Props., Inc. v. Brownsville Sav. & Loan Ass'n*, 581 S.W.2d 222, 226 (Tex. App.—Corpus Christi 1979, no writ). Rule 12 requires a "sworn written motion" that is timely served on the challenged attorney and can be "heard and determined at any time before the parties have announced ready for trial." Tex. R. Civ. P. 12.

It is uncontested that Smith did not file a sworn written motion in the trial court or serve one upon appellants' counsel. Smith argues that he challenged appellant counsel's authority at the plea to the jurisdiction hearing, but Rule 12 does not permit an oral challenge raised for the first time at said hearing. *See id.* Therefore, such challenge is invalid. Further, Rule 12 challenges cannot be raised for the first time on appeal. *See City*

8

*of San Benito v. Rio Grande Valley Gas Co.*, 109 S.W.3d 750, 758 (Tex. 2003) (denying challenge to city's attorney as counsel because motion to show authority was not filed in trial court). Smith contends he was prevented from filing such motion before the notice of appeal was filed, but points to nothing in the record substantiating that assertion. Smith's failure to file a motion in the trial court as prescribed by the Texas Rules of Civil Procedure does not allow him to then circumvent the Rule's requirements and challenge counsel's authority on appeal.

Smith urges we remand the authority issue to the trial court to allow it to conduct a Rule 12 hearing and he has filed several motions with this Court seeking remand, appointment of an ad litem attorney, dismissal of the appeal, and more. But because the standing issue is determinative of the trial court's subject matter jurisdiction, we need not remand or resolve any of the other pending motions, as all are moot because Smith will never have standing to file suit in his official capacity as city manager. *See Eshelman*, 655 S.W.3d at 498 (holding no opportunity to amend should be afforded when the pleading affirmatively negates jurisdiction).

We therefore sustain appellants' second issue and deny all pending motions as moot.

### III. CONCLUSION

Smith lacks standing to file suit in his official capacity as city manager. Accordingly, we reverse the trial court's denial of the plea to the jurisdiction and render judgment dismissing the case for lack of jurisdiction. We deny all three pending motions as moot.

YSMAEL D. FONSECA
Justice

Delivered and filed on the
26th day of March, 2026.

9