Opinion issued September 3, 2020



In The

# Court of Appeals

For The

# First District of Texas

_____

## NO. 01-19-00024-CV

_____

**SURAN WIJE, Appellant**

**V.**

**DAVID A. BURNS AND THE UNIVERSITY OF TEXAS AT AUSTIN,
Appellees**

---

**On Appeal from the 201st District Court
Travis County, Texas
Trial Court Case No. D-1-GN-18-002435**

---

## MEMORANDUM OPINION

Appellant, Suran Wije, filed the underlying suit against appellees—his

former employer, the University of Texas at Austin, and his former supervisor,

David Burns.[1] Wije alleged, among other things, that after he resigned from his position at UT, Burns and UT falsified his personnel file in retaliation for Wije's being an "internal-only whistleblower" and thereby "de facto blacklisted" him from any future employment with UT or the State. The trial court[2] granted UT's plea to the jurisdiction, dismissing all of Wije's claims. Wije now appeals, asserting in three issues that the trial court erred in (1) overlooking its concurrent jurisdiction over his civil rights claims; (2) determining that sovereign immunity was not waived for his claims under 42 U.S.C. Section 1983, Title VII of the Civil Rights Act of 1964, and the Texas Tort Claims Act (TTCA); and (3) dismissing his claims on limitations grounds.

Because we conclude that the trial court lacked jurisdiction over Wije's claims, we affirm.

## Background

Wije was employed by UT in the Information Technology Department for the McCombs School of Business from 2000 until 2005. David Burns, the director of the IT Department, was Wije's supervisor. Wije alleges that he experienced

---

[1]    Because we construe Wije's claims against Burns to be primarily brought against Burns in his official capacity, see note 9, *infra*, we will refer to both appellees collectively as UT, unless we expressly refer to Burns in his individual capacity.

[2]    The Supreme Court of Texas transferred this appeal from the Court of Appeals for the Third District of Texas to this Court pursuant to its docket-equalization authority. *See* TEX. GOV'T CODE § 73.001 ("The supreme court may order cases transferred from one court of appeals to another at any time that, in the opinion of the supreme court, there is good cause for the transfer.").

discrimination during his employment with UT, including that the IT Department secretly recorded his conversations, leaked confidential survey responses solicited by UT's human resources department to supervisors and other leaders, and excluded him from meetings. Wije also asserts that, during his employment, he acted as an "internal-only whistleblower" in raising concerns to the IT Department and other university personnel regarding software quality and the adequacy of security systems. Wije resigned, effective immediately, on November 18, 2005.[3]

Several years later, Wije began applying for new jobs with UT. Despite applying for numerous positions, Wije never received any requests for interviews and was ultimately unable to obtain new employment with UT. While the exact timeline is unclear, Wije asserts that by March 2016, he believed that UT had intentionally included a "lie" in his personnel file by stating that he had resigned without notice, and this representation served to place Wije on a "de facto blacklist" that prevented him from obtaining employment. The record contains an email dated April 1, 2016, in which UT HR personnel informed Wije, apparently in response to his inquiries, that "[t]he reduction in severity of your reemployment code is the action the McCombs School deems appropriate at this time," and

---

[3] In some portions of his pleadings, Wije asserts that he was constructively discharged, but this assertion is contradicted by other statements in his pleadings—such as his allegation that he was misled to believe that he left UT on good terms—and by documents included in the record—such as his employee separation form—indicating that he resigned voluntarily and relocated to another city.

informing him that the "remaining code is not a ban on employment from the University of Texas at Austin or 'blacklist.'" The HR personnel further appeared to deny that he had been banned from future employment, informing him that a ban, such as the one he suspected had been placed in his file, "is enacted in very limited, legal circumstances, and would prevent you from being able to complete an application for employment."

Wije filed a complaint based on the alleged errors in his personnel file with the Equal Employment Opportunity Commission (EEOC). On July 29, 2016, the EEOC provided Wije with notice that it had dismissed his complaint and informing him of his right to file a lawsuit under federal law in federal or state court, admonishing him that his lawsuit "must be filed within 90 days of your receipt of this notice." This was postmarked August 1, 2016, but nothing in the record indicates when Wije received this notice. That same month, however, Wije filed a Texas Public Information Act request seeking records related to his employment.

Wije then filed a complaint in federal district court on October 27, 2016. That complaint asserted causes of action under Title VII of the Civil Rights Act of 1964, 42 U.S.C. Section 1983, and several state-law tort claims, including fraud, negligence, libel, and intentional infliction of emotional distress. The federal district court dismissed Wije's complaint. In its final order, signed May 5, 2017, and entered May 8, 2017, the federal district court expressly dismissed the Title

VII and Section 1983 claims with prejudice. The federal district court further declined to exercise its supplemental jurisdiction over the remaining state-law claims, dismissing them without prejudice. Wije appealed the dismissal to the Fifth Circuit, which dismissed his appeal for being untimely filed, and to the United States Supreme Court, which denied his writ of certiorari.

Wije then filed the underlying cause of action in state court on May 1, 2018.[4] In his live pleadings, he asserted substantively identical causes of action to those he alleged in the federal suit.[5] As factual support for his pleadings, Wije alleged that UT discriminated against him during his employment between 2000 and 2005, including by recording his conversations in secret, asking him to perform work it had not trained him to do, leaking confidential responses to personnel surveys to antagonistic and punitive managers, and excluding him from

---

[4] Contemporaneously with his petition, Wije filed in state court his "Motion to Reopen Federal Claims Dismissed with Prejudice," recognizing that his federal claims were dismissed with prejudice while his state claims were dismissed without prejudice. He asked the court to "reopen" his claims because UT has "never responded to [his] allegations of grave constitutional violations."

[5] Wije also named "John Doe and Jane Doe" as defendants; however, he did not allege any conduct by or assert any causes of action against these parties. Other documents in the record indicate that Wije named them as "placeholders" in the event discovery uncovered further wrongdoing by additional parties. Nevertheless, the trial court's final order disposed of all the claims alleged by Wije and contained language expressly indicating that the trial court intended that its judgment was final and appealable. *See Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 195, 200 (Tex. 2001). No one has filed a notice of appeal implicating the Doe parties, and none of the arguments on appeal challenge the trial court's judgment with respect to the Doe parties. Accordingly, they are not parties to this appeal.

meetings. He further alleged that, upon his resignation in 2005, UT erroneously recorded that he resigned without notice and "miscoded" the circumstances of his separation from the university, prohibiting him from being rehired.

UT filed a plea to the jurisdiction as to both itself and Burns, a Rule 91a motion to dismiss all of Wije's claims, and a motion to dismiss the tort claims against Burns. In its Rule 91a motion to dismiss, UT argued that Wije's claims had no basis in law or in fact. In its motion to dismiss the tort claims against Burns, UT observed that Wije's claims against Burns for fraud by nondisclosure, negligence, defamation, and intentional infliction of emotional distress were subject to dismissal under provisions of the TTCA as set out in Civil Practice and Remedies Code section 101.106.[6] In its plea to the jurisdiction, UT asserted that the trial

---

[6] Civil Practice and Remedies Code section 101.106 is entitled "Election of Remedies," and it provides for the dismissal of certain parties in suits under the TTCA against governmental units and their employees. *See* TEX. CIV. PRAC. & REM. CODE § 101.106. UT argues that both subsections 101.106(e) and (f) warrant dismissal of the tort claims against Burns. Those sections provide:

> (e) If a suit is filed under this chapter against both a governmental unit and any of its employees, the employees shall immediately be dismissed on the filing of a motion by the governmental unit.

> (f) If a suit is filed against an employee of a governmental unit based on conduct within the general scope of that employee's employment and if it could have been brought under this chapter against the governmental unit, the suit is considered to be against the employee in the employee's official capacity only. On the employee's motion, the suit against the employee shall be dismissed unless the plaintiff files amended pleadings dismissing the employee and naming the governmental unit as defendant on or before the 30th day after the date the motion is filed.

court lacked jurisdiction over any of Wije's claims, arguing that Wije failed to allege a waiver of UT's governmental immunity. UT asserted that the TTCA did not waive immunity for any of Wije's tort claims and that the election of remedies provision in the Texas Commission on Human Rights Act (TCHRA), codified in Texas Labor Code chapter 21 to "provide for the execution of the policies of Title VII of the Civil Rights Act of 1964 and its subsequent amendments," TEX. LABOR CODE § 21.001(1), barred the court from considering Wije's discrimination and retaliation claims because he had previously filed them in federal court.

In response to UT's plea to the jurisdiction, Wije amended his pleadings to assert that Labor Code Chapter 21 "expressly abrogates state sovereign and official immunity" and to "reiterate[] his employment discrimination civil rights claim under Chapter 21." He further asserted that the TTCA waived immunity. Wije then further amended his pleadings, continuing to assert causes of action for discrimination and retaliation, referring at times to Section 1983, Title VII, and the TCHRA with a specific notation that "'[Labor Code] Chapter 21' is to be addressed perhaps after discovery." Thus, Wije asserted in his live pleading claims for discrimination and retaliation under Title VII, as implemented at the state level in the TCHRA, and he asserted discrimination under Section 1983. He also

_____

*Id.* § 101.106(e), (f).

asserted state-law claims, including various fraud allegations, negligence, defamation, intentional infliction of emotional distress, and breach of contract.[7]

The trial court held a hearing on UT's plea to the jurisdiction, Rule 91a motion to dismiss, and motion to dismiss the tort claims against Burns. The trial court granted only the plea to the jurisdiction, and this appeal followed.

## Plea to Jurisdiction

### A.    Standard of Review

A plea to the jurisdiction is a dilatory plea, the purpose of which is to defeat an action "without regard to whether the claims asserted have merit." *Mission Consol. Indep. Sch. Dist. v. Garcia*, 372 S.W.3d 629, 635 (Tex. 2012). Without subject matter jurisdiction, a court does not have the authority to render judgment and must dismiss the claims without regard to the merits. *See City of Houston v. Rhule*, 417 S.W.3d 440, 442 (Tex. 2013). The burden is on the plaintiff to plead facts affirmatively demonstrating the trial court's jurisdiction.[8] *Tex. Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 226 (Tex. 2004).

---

[7]    Although Wije's pleadings are unclear and do not specifically delineate which causes of action are alleged against the University, Burns, or both, we construe his pleadings liberally and analyze his claims as if they were asserted against both UT and Burns.

[8]    Wije also appears to raise some concerns regarding his obligations as a pro se litigant to comport with pleading and evidentiary standards. Texas, unlike federal court, follows a "fair notice" standard for pleading. *Horizon/CMS Healthcare Corp. v. Auld*, 34 S.W.3d 887, 896 (Tex. 2000); *see* TEX. R. CIV. P. 45 (requiring that petition "consist of a statement in plain and concise language of the plaintiff's

8

We review whether a trial court has subject matter jurisdiction under a de novo standard. *Tex. Dep't of Transp. v. A.P.I. Pipe & Supply, LLC*, 397 S.W.3d 162, 166 (Tex. 2013); *Tex. Natural Res. Conservation Comm'n v. IT-Davy*, 74 S.W.3d 849, 855 (Tex. 2002). In doing so, we exercise our own judgment and redetermine each legal issue, without giving deference to the lower court's decision. *See Quick v. City of Austin*, 7 S.W.3d 109, 116 (Tex. 1999). "We construe the pleadings liberally in favor of the plaintiff[] and look to the pleader['s] intent." *Miranda*, 133 S.W.3d at 226.

"Sovereign immunity protects the State from lawsuits for money damages." *Reata Constr. Corp. v. City of Dallas*, 197 S.W.3d 371, 374 (Tex. 2006). Generally, "immunity from suit implicates courts' subject-matter jurisdiction" for

---

cause of action. . . ."); *id.* R. 47 (providing that petition shall contain "a short statement of the cause of action sufficient to give fair notice of the claim involved"). Plaintiffs also bear to the burden of pleading sufficient facts to demonstrate the trial court's jurisdiction over the claims asserted, and when a governmental entity challenges jurisdiction on immunity grounds, "the plaintiff must affirmatively demonstrate the court's jurisdiction by alleging a valid waiver of immunity." *Ryder Integrated Logistics, Inc. v. Fayette Cty.*, 453 S.W.3d 922, 927 (Tex. 2015).

Pro se litigants are held to the same pleading and evidentiary standards as other litigants. *See Jackson v. Morrison*, No. 03-14-00419-CV, 2015 WL 4195578, at *2 (Tex. App.—Austin July 8, 2015, no pet.) (mem. op.) ("We construe pro se pleadings and briefs liberally, but we hold pro se litigants to the same standards as licensed attorneys and require them to comply with applicable laws and rules of procedure.") (citing *In re N.E.B.*, 251 S.W.3d 211, 211–12 (Tex. App.—Dallas 2008, no pet.) and *Mansfied State Bank v. Cohn*, 573 S.W.2d 181, 184–85 (Tex.1978)). "To do otherwise would give pro se litigants an unfair advantage over litigants represented by counsel." *Id.*; *Mansfield State Bank*, 573 S.W.2d at 185.

lawsuits in which the state or certain governmental units have been sued, unless the state consents to suit. *Rusk State Hosp. v. Black*, 392 S.W.3d 88, 91, 93 (Tex. 2012); *Miranda*, 133 S.W.3d at 224; *see also Alamo Heights Indep. Sch. Dist. v. Clark*, 544 S.W.3d 755, 770 (Tex. 2018) (immunity from suit may be asserted through plea to jurisdiction). A state agency, such as UT, shares this governmental immunity. *Lowe v. Tex. Tech Univ.*, 540 S.W.2d 297, 298 (Tex. 1976); *see* TEX. CIV. PRAC. & REM. CODE § 101.001(3)(D); *Univ. Interscholastic League v. Sw. Officials Ass'n, Inc.*, 319 S.W.3d 952, 957 (Tex. App.—Austin 2010, no pet.) ("The University of Texas was created by the Texas Constitution, *see* TEX. CONST. art. VII, § 10, and it is well settled that state universities are governmental entities."). The state or governmental unit can be sued only if the Legislature waives immunity in "clear and unambiguous language." TEX. GOV'T CODE § 311.034.

A jurisdictional plea may challenge the pleadings, the existence of jurisdictional facts, or both. *Clark*, 544 S.W.3d at 770. "When a jurisdictional plea challenges the pleadings, we determine if the plaintiff has alleged facts affirmatively demonstrating subject-matter jurisdiction." *Id.* "If, however, the plea challenges the existence of jurisdictional facts, we must move beyond the pleadings and consider evidence when necessary to resolve the jurisdictional

10

issues, even if the evidence implicates both subject-matter jurisdiction and the merits of a claim." *Id.* at 770–71.

Here, the trial court granted UT's plea to the jurisdiction. Wije argues in his brief on appeal that the trial court had jurisdiction over his claims—including over his "federal claims" for discrimination and retaliation and over his state-law tort and breach of contract claims—and that UT's immunity was waived by Title VII, Section 1983, and the TTCA. We address each of these assertions in turn.

## B.     Title VII and Section 1983 Discrimination and Retaliation Claims

With regard to Wije's 42 U.S.C. Section 1983 claims, a State, a state agency, or a state official in his official capacity has immunity pursuant to the Eleventh Amendment to the Constitution "unless that state has waived its sovereign immunity or Congress has clearly abrogated it." *Moore v. La. Bd. of Elementary & Secondary Educ.*, 743 F.3d 959, 963 (5th Cir. 2014). In enacting 42 U.S.C. Section 1983, Congress did not abrogate the States' immunity under the Eleventh Amendment, and the State of Texas has not consented by statute. *NiGen Biotech, LLC v. Paxton*, 804 F.3d 389, 394 (5th Cir. 2015). Section 1983 "does not provide a federal forum for litigants who seek a remedy against a State for alleged deprivations of civil liberties," and this rule applies to governmental entities considered "arms of the State." *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 64–66, 70 (1989) ("[A] State is not a person within the meaning of § 1983").

11

Therefore, UT, as a state agency, is not subject to suit under Section 1983. *See Tex. Tech. Univ. Health Scis. Ctr.–El Paso v. Bustillos*, 556 S.W.3d 394, 400 (Tex. App.—El Paso 2018, no pet.); *Harrison v. Tex. Dep't of Criminal Justice–Inst'l Div.*, 915 S.W.2d 882, 889 (Tex. App.—Houston [1st Dist.] 1995, no pet.).

Furthermore, to the extent Wije asserted his Section 1983 claim against Burns for actions Burns undertook in his official capacity on behalf of the University, Burns is generally entitled to the same immunity as his employer. Under Texas law, a suit against a government employee in his official capacity is a suit against his government employer. *See Moore*, 743 S.W.3d at 963; *Franka v. Velasquez*, 332 S.W.3d 367, 382–83 (Tex. 2011); *see also Texas A & M Univ. Sys. v. Koseoglu*, 233 S.W.3d 835, 844 (Tex. 2007) ("It is fundamental that a suit against a state official is merely 'another way of pleading an action against the entity of which [the official] is an agent.'"). "[A]n employee sued in his official capacity has the same governmental immunity, derivatively, as his government employer." *Franka*, 332 S.W.3d at 382–83. And an official acting in his official capacity is not a "person" who may be held liable under Section 1983. *See, e.g., Leachman v. Dretke*, 261 S.W.3d 297, 305 (Tex. App.—Fort Worth 2008, no pet.).[9]

_____

[9] Wije's pleadings and briefing are unclear regarding the parties against whom he alleges his discrimination and retaliation claims, or whether he is attempting to name Burns as a defendant in his personal capacity, official capacity, or both. We

12

Accordingly, we conclude that the trial court did not have jurisdiction over Wije's Section 1983 claims.

---

must look to the substance of Wije's claims to determine whether he sued Burns in his personal or official capacity. *See, e.g.*, *Perez v. Physician Assistant Bd.*, No. 03-16-00732-CV, 2017 WL 5078003, at *4 (Tex. App.—Austin Oct. 31, 2017, pet. denied) (concluding that "substance of [plaintiff's] claims were limited to claims against [official] in her official capacity," despite fact that plaintiff "purported to sue [official] in her official and individual capacities") (citing *City of El Paso v. Heinrich*, 284 S.W.3d 366, 361–73, 377 & n.7 (Tex. 2009), and *Tex. Parks & Wildlife Dep't v. Sawyer Tr.*, 354 S.W.3d 384, 388 (Tex. 2011)).

Wije complains of some actions undertaken by UT employees leading up to his 2005 resignation, including alleging that Burns placed a "lie" in his personnel file, but the only allegations related to his current lawsuit—i.e., the allegations articulated in Wije's EEOC complaint that UT allegedly discriminated or retaliated against him in refusing to rehire him because of the circumstances surrounding his 2005 resignation and his role as an "internal-only whistleblower"—do not appear to implicate any conduct by Burns. And UT provided an affidavit of Burns's own supervisor, who attested that Burns did not have any authority to administer employment contracts and that all of Burns's actions as identified in Wije's pleadings were duties "expected of any official in David Burns' position, and the performance of those duties serve the purposes of [UT]." Wije mentions, in a conclusory way, that Burns acting in his individual capacity is a person for Section 1983 purposes, but Wije did not plead un-negated facts that would support such a claim. *See Perez*, 2017 WL 5078003, at *5; *see also Patel v. Tex. Dep't of Licensing & Regulation*, 469 S.W.3d 69, 77 (Tex. 2015) (stating "principle that claims against state officials—like all claims—must be properly pleaded in order to be maintained"). Neither Wije's pleadings in the trial court nor his brief on appeal make a clear assertion of the particular actions or omissions by Burns in his individual capacity that would support a Section 1983 claim against him. Accordingly, we construe Wije's pleadings as asserting claims against Burns in his official capacity. To the extent that Wije intended to make a different argument, any such complaint on appeal is waived. *See* TEX. R. APP. P. 33.1(a), 38.1(i); *see also Jackson v. Morrison*, No. 03-14-00419-CV, 2015 WL 4195578, at *2 (Tex. App.—Austin July 8, 2015, no pet.) (mem. op.) (citing *Moore v. Brown*, 408 S.W.3d 423, 431 n.10 (Tex. App.—Austin 2013, pet. denied) ("Even though we liberally construe pro se pleadings and briefs, we will not sua sponte address appellate issues and arguments that a litigant might have raised but did not.")).

Regarding the remaining federal claims, we observe that Wije has already pursued his Title VII discrimination and retaliation claims in federal district court. The federal district court where he first filed his Title VII claims dismissed them with prejudice, and that ruling was not disturbed during the subsequent appellate process. Wije has now alleged the same claims, based on the same underlying facts, this time in state court and governed by the state law designed to implement Title VII protections in Texas, the TCHRA. *See* TEX. LABOR CODE § 21.001(1); *Hoffmann-La Roche Inc. v. Zeltwanger*, 144 S.W.3d 438, 445 (Tex. 2004) ("The [T]CHRA 'is modeled after federal law with the purpose of executing the policies set forth in Title VII of the federal Civil Rights Act of 1964.'").

The TCHRA, set out in Labor Code chapter 21, contains an election of remedies provision:

> A person who has initiated an action in a court of competent jurisdiction or who has an action pending before an administrative agency under other law or an order or ordinance of a political subdivision of this state based on an act that would be an unlawful employment practice under this chapter may not file a complaint under this subchapter for the same grievance.

TEX. LABOR CODE § 21.211. Wije elected to pursue his discrimination and retaliation claims in federal court, and this election-of-remedies provision precludes him from pursuing these same claims in state court under the TCHRA.[10]

---

[10] We further note that the federal district court has already considered and dismissed Wije's discrimination claims against both UT and Burns under Title VII and

14

*See City of Waco v. Lopez*, 259 S.W.3d 147, 155 (Tex. 2008) ("Section 21.211 limits the ability to pursue multiple grievances in multiple forums over the same alleged conduct."); *Wu v. Tex. A & M Int'l Univ.*, No. 04-11-00180-CV, 2011 WL 5406263, at *3 (Tex. App.—San Antonio Nov. 9, 2011, no pet.) (mem. op.)

Section 1983 with prejudice. The federal district court determined, in relevant part, that Wije did not present sufficient evidence to survive the shifting burdens required by *McDonnell Douglas* because he did not present any pleadings or evidence that he was replaced by someone outside his protected class or treated less favorably than other similarly-situated employees outside his protected group. *See McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802–03 (1973) (establishing burden-shifting framework for circumstantial-evidence cases brought under Title VII); *Alamo Heights Indep. Sch. Dist. v. Clark*, 544 S.W.3d 755, 764 (Tex. 2018) (applying *McDonnell Douglas* burden-shifting framework in TCHRA case); *see also Morris v. Town of Indep.*, 827 F.3d 396, 400 (5th Cir. 2016) (*McDonnell Douglas* requires plaintiff to show, among other things, that he was replaced by someone outside his protected group or was treated less favorably than other similarly situated employees outside the protected group). Similarly, the federal district court dismissed with prejudice Wije's Title VII retaliation claim because he provided no factual basis to support his conclusory allegations that UT fired him or refused to hire him because of his previous complaints and "internal-only" whistleblowing. *See McCoy v. City of Shreveport*, 492 F.3d 551, 556–57 (5th Cir. 2007) (holding that to prove retaliation by circumstantial evidence, plaintiff must establish causal connection between protected activity and adverse employment action). Wije's state-court pleadings likewise fail to meet these requirements, thus implicating the trial court's jurisdiction to hear Wije's claims. *See, e.g.*, *Clark*, 544 S.W.3d at 764. This further supports the trial court's ruling granting UT's plea to the jurisdiction.

Finally, we note that, although the trial court granted the plea to the jurisdiction and not the Rule 91a motion to dismiss or a summary judgment, the record evidence would also have supported dismissal of these claims based on UT's res judicata affirmative defense. The federal district court dismissed these same claims with prejudice. *See Hickman v. Adams*, 35 S.W.3d 120, 124 (Tex. App.—Houston [14th Dist.] 2000, no pet.) ("Dismissal with prejudice constitutes an adjudication on the merits and operates as if the case had been fully tried and decided. Thus, orders dismissing cases with prejudice have full res judicata and collateral estoppel effect, barring subsequent relitigation of the same causes of action or issues between the same parties.") (internal citations omitted).

("Because Dr. Wu elected to pursue administrative proceedings with the EEOC and file his discrimination suit in federal court, the election of remedies provision in the [T]CHRA precludes him from pursuing the same claim in state court under the [T]CHRA, and any amendment of his pleadings would be futile.").

## C.    State-law Tort and Breach of Contract Claims

Wije alleged claims against UT for fraud, negligence, defamation, and intentional infliction of emotional distress. He also asserted that UT breached his employment contract.[11]

With regard to his claims for the intentional torts of fraud, defamation, and intentional infliction of emotion distress, the State and its governmental units have explicitly retained immunity from intentional tort claims. The TTCA, codified in Civil Practice and Remedies Code Chapter 101, explicitly states that it does not apply to a claim "arising out of assault, battery, false imprisonment, *or any other intentional tort*." TEX. CIV. PRAC. & REM. CODE. § 101.057(2) (emphasis added); *see City of Watauga v. Gordon*, 434 S.W.3d 586, 589 (Tex. 2014) (explaining that TTCA's "limited waiver does not apply to intentional torts"). Fraud, defamation, and intentional infliction of emotional distress are intentional torts. *See Seureau v.*

---

[11]    Wije alleges a breach of his employment contract, but he never provided a copy of the alleged contract. He argued that various paperwork he signed when he accepted employment with UT in 2000 constituted an employment agreement, but none of the documents provided in the record appear to be a contract for employment.

*ExxonMobil Corp.*, 274 S.W.3d 206, 219 (Tex. App.—Houston [14th Dist.] 2008, no pet.) (holding that fraud is intentional tort for which TTCA provides no waiver of immunity); *Houston Forensic Sci. Ctr. Inc. v. Barette*, No. 01-19-00129-CV, 2019 WL 5792194, at *3 (Tex. App.—Houston [1st Dist.] Nov. 7, 2019, no pet.) (mem. op.) ("Defamation per se is an intentional tort for which the TTCA does not waive immunity."); *Bates v Pecos Cty.*, 546 S.W.3d 277, 292 (Tex. App.—El Paso 2017, no pet.) ("Intentional infliction claims do not fall within the TTCA waivers, and are accordingly barred."). Therefore, Wije has not established a waiver of sovereign immunity for his intentional tort claims.

Regarding the negligence claims, the TTCA provides a narrow waiver of immunity for claims seeking to impose liability for

> (1) property damage, personal injury, and death proximately caused by the wrongful act or omission or the negligence of an employee acting within his scope of employment if:
>
>> (A) the property damage, personal injury, or death arises from the operation or use of a motor-driven vehicle or motor-driven equipment; and
>>
>> (B) the employee would be personally liable to the claimant according to Texas law; and
>
> (2) personal injury and death so caused by a condition or use of tangible personal or real property if the governmental unit would, were it a private person, be liable to the claimant according to Texas law.

17

TEX. CIV. PRAC. & REM. CODE § 101.021. In his negligence cause of action, Wije asserted that UT breached its duty not to "engage in the fraud/waste/abuse of taxpayers' precious dollars, to administer employment contracts with neutrality, without discrimination, and to safeguard employees' constitutional rights." None of these alleged breaches implicates conduct falling within the TTCA's waiver of immunity.

Wije argues that this case involves the misuse of tangible personal property because UT used HR forms, computers, and computer networks in negligently managing his work and administering his employment contract. Wije's assertions ignore the fact that the governmental unit must not only use the property, the property also must have actually caused the plaintiff's injury for the waiver of immunity to apply. *Tex. Dep't of Crim. Justice v. Miller*, 51 S.W.3d 583, 588 (Tex. 2001). If the use of the property merely furnishes a condition that makes the injury possible, rather than causing it, then the government's sovereign immunity remains intact.[12] *Id.*; *Dallas Cty. Mental Health & Mental Retardation v. Bossley*, 968

---

[12] As with his discrimination and retaliation claims, Wije's pleadings do not clearly delineate which state-law claims are alleged against UT, Burns, or both. To the extent that Wije was attempting to plead these claims against Burns, we note that UT moved to dismiss the tort claims against Burns pursuant to Section 101.106(e) and (f). Although the trial court did not grant this motion, other courts have held that dismissal of the employee was proper under circumstances similar to those in this case. *See, e.g.*, *Mission Consol. Indep. Sch. Dist.*, 253 S.W.3d 653, 655–56 (Tex. 2008) (defamation, negligence, and fraud claims are subject to Section 101.106 dismissal); *Donohue v. Butts*, 516 S.W.3d 578, 581–82 (Tex. App.—San Antonio 2017, no pet.) (defamation and intentional infliction of emotional distress

S.W.2d 339, 343 (Tex. 1998); *Univ. of Tex. Med. Branch at Galveston v. Tatum*, 389 S.W.3d 457, 461 (Tex. App.—Houston [1st Dist.] 2012, no pet.). Here, the personal property used by UT personnel did not actually cause Wije's injuries; rather, they merely furnished the condition that made the alleged injury possible. *See Miller*, 51 S.W.3d at 588.

Finally, nothing in the TTCA or other authority cited by Wije waives UT's immunity from suit for breach of the alleged employment contract. Generally, a governmental unit possesses both immunity from liability and immunity from suit. *Catalina Dev., Inc. v. Cty. of El Paso*, 121 S.W.3d 704, 705 (Tex. 2003). When a governmental unit contracts with a private party it waives immunity from liability, but not immunity from suit. *Id.* The governmental unit can only waive immunity from suit through its express consent. *Id.* Wije has failed to point to any such express consent, and we find none in the record. *See, e.g.*, *Koseoglu*, 233 S.W.3d at

---

claims are subject to dismissal under Section 101.106); *see also* TEX. CIV. PRAC. & REM. CODE § 101.106(f) (quoted in note 6, *supra*, as providing that tort claim against government employee is foreclosed when sued in his individual capacity if he is acting within the scope of his employment). As discussed in note 9, *supra*, UT provided the affidavit of Burns's own supervisor, who attested that all of Burns's actions as identified in Wije's pleadings were duties "expected of any official in David Burns' position, and the performance of those duties serve the purposes of [UT]." Thus, even if we were to construe that Wije had alleged claims against Burns in his individual capacity, UT established the Burns was acting within the scope of his employment and, therefore, the tort claims against Burns are foreclosed by Section 101.106.

840 (sovereign immunity bars breach of contract claims). Wije's breach of contract claim is, thus, barred by sovereign immunity.[13]

Because we conclude that the trial court lacked jurisdiction over all the claims alleged by Wije, we overrule his first issue, complaining about the trial court's failure to recognize its concurrent jurisdiction over federal claims,[14] and his second issue, arguing that Title VII, Section 1983, and the TTCA waive UT's immunity here. These defects are not curable, but instead affirmatively negate the existence of jurisdiction; therefore, the trial court properly dismissed Wije's claims. *See id.* at 839–40. Furthermore, the above-discussed grounds are sufficient to support the trial court's granting of UT's plea to jurisdiction, so we need not

---

[13] It is unclear whether Wije intended to allege breach of contract against Burns, or only UT. Because Wije did not identify any contract between himself and Burns, and because UT provided an affidavit from Burns's supervisor averring that Burns lacked any authority to administer employment contracts, we construe Wije's pleadings as asserting the breach of contract claim solely against the University.

[14] Wije argues that the trial court erroneously stated that it lacked any jurisdiction over his federal claims. However, when Wije asked whether the trial court had concurrent jurisdiction over those claims, the trial court responded, "In some circumstances, yes, but this agency also has sovereign immunity that covers a lot of that." The trial court stated its intent to look at all of the pleadings and other motions on file and weigh them thoroughly before ruling. Nothing in the record indicates that the trial court rejected the federal claims without fully considering the extent of its jurisdiction. And our conclusion that the trial court lacked jurisdiction over the discrimination and retaliation claims demonstrates that the trial court correctly determined that it could not exercise jurisdiction in this case.

address Wije's third issue, asserting that the trial court erred to the extent it dismissed his claims on limitations grounds.[15]

## Conclusion

We affirm the judgment of the trial court.

Richard Hightower
Justice

Panel consists of Justices Goodman, Landau, and Hightower.

---

[15] There are several pending motions, including UT's motion to strike Wije's reply brief, Wije's motion for leave to file a sur-reply brief, and Wije's motion to strike portions of UT's brief. Because we considered the portions of the appellate briefing that were timely filed and properly before this Court for consideration and have now resolved this appeal, we dismiss the pending motions as moot.